IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:25-CR-379-L** |
| | § | |
| **IHECHILURU "CHARLES"** | § | |
| **CHIBUEZE OSUEKE (02)** | § | |

## <u>ORDER</u>

On June 17, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 80) was entered, recommending that the court deny Defendant Ihechiluru "Charles" Chibueze Osueke's ("Defendant" or "Defendant Osueke") Motion to Dismiss Count Two for Failure to State an Offense ("Motion" or "Motion to Dismiss") (Doc. 35), filed January 5, 2026.

In support of this recommendation, the magistrate judge determined that the Motion:

is nonsensical and wholly devoid of legal authority. The best the Court can glean is that, based on [Defendant] Osueke's reading of an overt act alleged in the Conspiracy charged in Count One, he contends that the charge in Count Two for Odometer fraud fails to state an offense against him. . . . Specifically, he claims that "[t]he indictment does not allege that [he] reset or altered Vehicle 1's odometer, caused it to be reset or altered, participated in the sale, directed any rollback, handled the title submission for Vehicle 1, or took any action that constitutes aiding and abetting the charged conduct as to Vehicle 1."

Doc. 80 at 3 (quoting Doc. 35 at 1-2).

The magistrate further determined that the Motion failed for the following reasons: (1) "unlike the Conspiracy count, there is no legal requirement that an overt act be alleged as to the substantive offense of Odometer Fraud charged in Count Two"; (2) "Count Two sufficiently tracks the language of the relevant criminal statutes," and Defendant Osueke contradicts his own argument in that he correctly notes earlier in his Motion that "Count Two alleges [D]efendants

**Order – Page 1**

'did knowingly and willfully reset and alter, and cause to be reset and altered,' Vehicle 1 (2011 Toyota Sienna, VIN ending 134468)"; and (3) Defendant Osueke's Motion "rests on his contention that the facts alleged do not support the charge in Count Two," but his challenge on this ground fails for the reasons previously explained because "a court can resolve a pretrial motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *Id.* at 3-4 (citations omitted). No objections to the Report were received or filed within the 14-day deadline for asserting objections.

Having considered Defendant's Motion, briefing on the Motion, the Indictment, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Defendant's Motion to Dismiss (Doc. 35).

**It is so ordered** this 22nd day of July, 2026.


Sam A. Lindsay
United States District Judge

Order – Page 2